Prob 12C 12/04

# UNITED STATES DISTRICT COURT
## for the
## Northern District of Oklahoma

## Petition for Warrant for Offender Under Supervision

| | | | |
|---|---|---|---|
| **Name of Offender:** | Adrian Robert Jones | **Case Number:** | 18-CR-049-001-JED |

**FILED UNDER SEAL**

| | |
|---|---|
| **Date of Original Sentence:** | July 31, 2018 |
| **Original Offense/ Statute:** | Count One: Felon in Possession of Firearms and Ammunition, in violation of 18 U.S.C. §§ 922 (g)(1) and 924 (a)(2); Count Two: Possession of Marijuana with the Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D). |
| **Original Sentence:** | Six months imprisonment as to each of Counts One and Two, each count to run concurrently with the other, to be followed by two concurrent three-year terms of supervised release. |
| **Type of Supervision:** | Supervised Release |
| **Date Supervision Commenced:** | December 28, 2018      **Date Supervision Expires:**   December 27, 2021 |
| **Prior Revocation(s):** | None |

---

### PETITIONING THE COURT

**to issue a WARRANT so defendant may be brought before the Court to show cause why the term of supervision should not be revoked.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Violation of Standard Condition No. 10: You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon.**<br><br>On August 8, 2020, Jones was in possession of a firearm and ammunition.<br><br>United States Probation Officer Jordan Basinger will testify to the following: On August 8, 2020, Jones was arrested by officers with the Tulsa Police Department for possession of a firearm. Officers were dispatched to a QuikTrip in reference to an individual asleep inside his vehicle while parked at a gas pump. Officers made contact with the driver, identified as Adrian Robert Jones, and asked him if there were any weapons in the vehicle. Jones did not |

c/ USA, USPO, USM

answer the officer's question. Jones does not have a valid driver's license and was asked to exit the vehicle. A search was conducted, and officers located a Smith and Wesson handgun with an extended magazine holding 25 rounds of ammunition. Jones was arrested and booked into the Tulsa County Jail. Jones posted a surety bond in the amount of $4,000 and was released from custody on August 8, 2020.

2     **Violation of Mandatory Condition: The defendant shall not commit another federal, state, or local crime.**

On June 12, 2020, Jones committed the offense of Driving Under the Influence of Alcohol, in violation of 47 O.C. 11-902(A)(2), as charged in connection with Tulsa County District Court case number CM-2020-2310.

United States Probation Officer Jordan Basinger will testify to the following: On June 12, 2020, Jones was arrested by Oklahoma Highway Patrol Trooper Curtis for Driving Under the Influence. Jones was also ticketed for speeding, not having a valid driver's license, and no insurance. Trooper Curtis observed a vehicle approaching him from the rear at a high rate of speed and checked the vehicle's speed at 101mph in a 65mph zone. Trooper Curtis initiated a traffic stop and identified the driver as Adrian Robert Jones by his Oklahoma ID card. Jones stated to Trooper Curtis that he was coming from a bar downtown and admitted to consuming alcohol. Trooper Curtis could smell the odor of alcohol coming from Jones and asked him to exit the vehicle and perform standardized field sobriety tests. Jones failed several portions of the tests and was placed under arrest. Trooper Curtis read Jones the implied consent law and Jones agreed to submit to a breathalyzer test in which he blew .10 and was subsequently booked into the Tulsa County Jail. Charges are currently pending in Tulsa County District Court case number CM-2020-2310.

3     **Violation of Modified Condition: The defendant shall submit to alcohol testing for a period of three months using an alcohol detection device as directed by the Probation Officer. The defendant shall comply with the testing requirements and follow the Probation Officer's instructions. The costs associated with this service will be incurred by the Northern District United States Probation office. The alcohol detection device may be utilized for an additional period of up to two months, as directed by the Probation Officer, if the defendant incurs a positive alcohol test.**

United States Probation Officer Jordan Basinger will testify to the following: On July 19, 2020, Jones submitted a breath analysis test on his alcohol monitoring device which tested positive for alcohol.

On July 14, July 16, July 17, July 18, July 19, July 25, and August 8, 2020, Jones failed to submit to alcohol testing on his alcohol monitoring device as directed and scheduled.

**Exhibits**     **Exhibit A:** Copy of the relevant pages of the Judgment reflecting the conditions of supervision ordered by the Court and the defendant's signature acknowledging that he read, understood, and received a copy of the imposed conditions.

**Exhibit B:** Copy of TRACIS incident number 2020047203 which reflects Jones' arrest on August 8, 2020.

**Exhibit C:**  Copy of TRACIS incident report reflecting Jones' arrest on June 13, 2020.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 11, 2020


*s/Jordan Basinger*
Jordan Basinger
United States Probation Officer


Reviewed by,


*s/Kory McClintock*
Kory McClintock
Supervisory United States Probation Officer

Date:   8/11/2020

---

THE COURT ORDERS:

☐   No Action
☑   The Issuance of a Warrant
☐   The Issuance of a Summons
☐   Other: _____

It is further the Order of the Court that the Clerk of Court distribute the Petition and Order to the United States Probation Office, the United States Marshals Service, and the United States Attorney's Office only.


_____        8/11/2020
John E. Dowdell, Chief Judge                    Date
United States District Court

**GOVERNMENT EXHIBIT A**

AO 245B (Rev. 10/17) Judgment in a Criminal Case
Sheet 3 — Supervised Release

**DEFENDANT:** Adrian Robert Jones
**CASE NUMBER:** 4:18CR00049-1

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: Three years as to each of Counts One and Two. Said terms shall run concurrently, each with the other.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B   (Rev. 10/17) Judgment in a Criminal Case
Sheet 3A — Supervised Release

DEFENDANT:        Adrian Robert Jones
CASE NUMBER:      4:18CR00049-1

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by the probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

AO 245B    (Rev. 10/17) Judgment in a Criminal Case
           Sheet 3B — Supervised Release

DEFENDANT:      Adrian Robert Jones
CASE NUMBER:    4:18CR00049-1

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit his person, residence, office or vehicle to a search, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. The defendant shall successfully participate in a program of testing and treatment, to include inpatient treatment, for drug and alcohol abuse, at a treatment facility and on a schedule determined by the probation officer. The defendant shall abide by the policies and procedures of the testing and treatment program to include directions that the defendant undergo urinalysis or other types of drug testing consisting of no more than eight tests per month if contemplated as part of the testing and treatment program. The defendant shall waive any right of confidentiality in any records for drug and alcohol treatment to allow the probation officer to review the course of testing and treatment and progress with the treatment provider.

3. The defendant shall be placed on home detention for a period of six months, to commence within 72 hours of release from imprisonment. During this time, the defendant shall remain at place of residence except for employment and other activities approved in advance by the probation officer. Home detention shall include electronic monitoring unless electronic monitoring is waived by the probation officer. If an electronic device is utilized, the defendant shall observe the rules specified by the probation officer; and shall maintain a telephone at the defendant's place of residence without any special services, modems, answering machines, or cordless telephones during the term of home confinement if instructed by the probation officer. The entire cost of electronic monitoring shall be paid by the U.S. Probation Office.

**U.S. Probation Officer Use Only**

A U.S Probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this Judgement containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____         Date 12·31·18

**GOVERNMENT EXHIBIT B**

# TRACIS
TULSA REGIONAL AUTOMATED CRIMINAL INFORMATION SYSTEM
STANDARDIZED REPORTING FORMAT TUL-1949 O
BPAG 05/04/2006



**TULSA POLICE DEPARTMENT ARREST AND BOOKING DATA**

**INCIDENT NUMBER** 2020047203

☒ CHECKED NCIC

## MUG & PRINT
☐ PARTIAL ☐ COMPLETE  PHOTO TO _____  TCSO NUMBER 1182402  COURT DATE _____  DIVISION RID
☐ FEDERAL DISTRICT ☒ TULSA DISTRICT ☐ MUNICIPAL  PLACE OF BIRTH (COUNTRY, STATE) USA, CHICAGO
☐ OSAGE DISTRICT ☐ WAGONER DISTRICT ☐ JUV  HOLD FOR _____  ☒ CAREER CRIMINAL

| LOCATION OF ARREST | | | | | LOCATION OF OCCURRENCE | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 3050 S SHERIDAN RD (QUICK TRIP) | | | | | 3050 S SHERIDAN RD (QUICK TRIP) | | | | |

| OCCURRED | MO 08 | DATE 08 | YR 20 | DAY SA | TIME 0451 | ARRESTED | MO 08 | DATE 08 | YR 20 | DAY SA | TIME 0549 | BOOKED | MO 08 | DATE 08 | YR 20 | DAY Sat | TIME 0758 |

| TPD/PID | SUSPECT NAME (LAST,FIRST, MIDDLE) | AKA | HGT | WGT | HAIR | EYES | SKIN | RACE | SEX |
|---|---|---|---|---|---|---|---|---|---|
| TPD211950 | JONES, ADRIAN, ROBERT | | 511 | 170 | BLK | BRO | D | B | M |

| STREET ADDRESS, CITY, STATE | ZIP CODE | AGE | DATE OF BIRTH | SOCIAL SECURITY NUMBER |
|---|---|---|---|---|
| [redacted] | 74128 | 29 | [redacted]1991 | [redacted]8297 |

| EMPLOYER/SCHOOL NAME | HOME PHONE | DRIVER'S LICENSE NUMBER | ST | CLASS | END |
|---|---|---|---|---|---|
| MACY'S | 918-982-7613 | [redacted]297 | OK | I | NA |

| EMPLOYER ADDRESS, CITY, STATE, ZIP | BUSINESS PHONE | OSBI NUMBER | FBI NUMBER |
|---|---|---|---|
| OWASSO | | | |

| NEXT OF KIN | ADDRESS | PHONE | RELATIONSHIP |
|---|---|---|---|
| NONE | | | |

| PERSONAL ODDITIES | TATTOOS |
|---|---|
| | RIP ON RIGHT HAND |

| CLOTHING | WARNING INDICATORS |
|---|---|
| NIKE GRY/BLK - SHORTS AND SHIRTS | WEAPON HISTORY |

| VEHICLE DISPOSITION/HOLD | VEHICLE IDENTIFICATION NUMBER | TAG YEAR | STATE | TAG NUMBER |
|---|---|---|---|---|
| TOWED BY QT MANG. | 1G1ZA5E03AF198204 | 2020 | OK | INH567 |

| VEHICLE YEAR | VEHICLE MAKE | VEHICLE MODEL | VEHICLE STYLE | COLOR TOP/BOTTOM | MISC IDENTIFIERS |
|---|---|---|---|---|---|
| 2010 | CHEV | MALIBU | 4D | GRAY | BLK RIMS |

| ARRESTING OFFICER | ID NUMBER | DIVISION | AGENCY | BACKING OFFICER | ID NUMBER | DIVISION | AGENCY | JAIL INTAKE |
|---|---|---|---|---|---|---|---|---|
| J.D. MEDRANO | 2706 | RID | TPD | C.GRIMES | 2702 | RID | TPD | Staiger |

| FED STA MUN | FEL MISD | CRIME DESCRIPTION | TITLE | SECT | PARA | DATE OF OFFENSE | WARRANT NUMBER | ORI | BOND |
|---|---|---|---|---|---|---|---|---|---|
| S | F | POSS. OF FIREARM AFCF | 21 | 1283-84 | A | 8/8/20 | | | $4,00 |

**LAY WITNESS LIST FOR MUNICIPAL CHARGES**

WILL SIGN CITY INFORMATION
☐ OFFICER
☐ CITIZEN

| WITNESS NAME | ADDRESS/ZIP | TELEPHONE |
|---|---|---|
| 1 | | |
| 2 | 2020-588412 | |
| 3 | | |
| 4 | | |
| 5 | | |

| INTOXILIZOR OPERATOR / PERMIT NUMBER / AGENCY | INTOXILIZOR SUPERVISOR / PERMIT NUMBER / AGENCY | TEST RESULTS |
|---|---|---|
| | | 0. % |

MEDICAL PROBLEMS

| PROPERTY RECEIPT | VCR TAPE | PHOTO NUMBER | LATENT NUMBER |
|---|---|---|---|

(CUFFED)

RIGHT INDEX

| FED STA MUN | FEL MISD | CRIME DESCRIPTION | TITLE | SECT | PARA | DATE OF OFFENSE | WARRANT NUMBER | ORI | BOND | O.R. | UCR |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |

ON 08/08/2020 AT 0451 HOURS, I WAS DISPATCHED TO THE QUICK TRIP LOCATED AT 3050 S. SHERIDAN RD. QUICK TRIP MANAGEMENT ADVISED US THAT THERE WAS A FOUR DOOR CHEVY MALIBU, WITH AN UNKNOWN BLACK MALE SLEEPING BEHIND THE WHEEL. THIS SUBJECT WAS LATER IDENTIFIED AS ADRIAN R. JONES. QUICK TRIP MANAGEMENT ADVISED THAT ADRIAN WAS PARKED AT THE GAS PUMPS FOR OVER AN HOUR.

UPON ARIVAL, I OBSERVED ADRIAN SLEEPING BEHIND THE WHEEL OF THE GRAY CHEVY MALIBU, BEARING OKLAHOMA LICENSE PLATES INH567. OFFICER GRIMES APPROACHED THROUGH THE DRIVER SIDE DOOR AND I APPROACHED THROUGH THE PASSENGER SIDE DOOR.

WHEN WE APPROACHED THE VEHICLE, I OBSERVED ADRIAN WITH HIS EYES CLOSED SITTING BEHIND THE WHEEL. WE MADE MULTIPLE ATTEMPS TO WAKE ADRIAN UP. ONCE AWAKE, ADRIAN FAILED TO COMPLY WITH OFFICERS COMMANDS TO ROLL HIS WINDOWS DOWN. HIS FAILURE TO COMPLY, LEAD ME TO PHYSICALY OPEN THE PASSENGER SIDE DOOR.

ADRIAN STATED THAT HE DID NOT HAVE A DRIVER'S LICENSE AND THAT HE WAS SITTING AT THE QUICK TRIP BECAUSE HE WAS TIRED FROM MOVING HOMES. WHEN ASKED IF THERE WAS ANY WEAPONS INSIDE THE VEHICLE, ADRIAN STOPPED TALKING AND HIS BODY LANGUAGE DISPLAYED THE FOLLOWING: HIS JAW CLINGED; HIS FEET BEGAN TO TREMBLE AND MOVE FROM SIDE TO SIDE (AS HE WAS SITTING); AND ADRIAN KEPT LOOKING DOWN AT A BLACK BACKPACK THAT WAS SITTING ON THE PASSENGER SIDE SEAT. ALL OF THIS TOOK PLACE WITHOUT HIM SAYING A WORD.I FINALLY ASKED HIM IF HE HAD ANY WARRANTS FOR HIS ARREST OR IF HE WAS ON RECORD FOR ANYTHING, TO THIS HE DISPLAYED THE SAME STATED BEHAVIOR.

WITNESSING HIS BEHAVIOR, I ASKED ADRIAN TO STEP OUT OF THE VEHICLE AND TO PROVIDE ME WITH A FORM OF IDENTIFICATION. ADRIAN WAS ASKED AGAIN IF HE HAD ANY WEAPONS INSIDE THE VEHICLE AND HE COMPLETELY STOPPED TALKING AND GULPED ON HIS SILIVA. THROUGH MY TRAINING AND EXPERIENCE, I HAVE LEARNED THAT ADRIAN'S BEHAVIOR WAS IDICATIVE OF HIM HIDDING SOMETHING FROM ME. THIS REASONING LEAD OFFICER'S TO CONDUCT A SEARCH OF THE VEHICLE. THE SEARCH REVEALED THAT THERE WAS A LOADED SMITH AND WESSON HANDGUN WITH SERIAL NUMBER HFC8597 WITH AN EXTENDED MAGAZINE HOLDING 25 ROUNDS.

A RECORDS CHECK ON ADRIAN REVEALED THAT HE WAS CURRENTLY SERVING A FEDERAL PROBATION SENTENCE FOR POSSESSION OF A FIREARM.
ADRIAN WAS ARRESTED AND TRANSPORTED TO DAVID L. MOSS AND BOOKED FOR POSSESION OF A FIREARM AFCF.

THIS OCCURRED IN THE CITY AND COUNTY OF TULSA / MCN RESERVATION.

---

THE BELOW SIGNED OFFICER SWEARS AND AFFIRMS THAT THE ABOVE INFORMATION IS TRUE AND CORRECT AND PRAYS THIS HONORABLE COURT TO FIND PROBABLE CAUSE TO DETAIN THE ARRESTEE PENDING FURTHER PROCEEDINGS.

OFFICER'S SIGNATURE

J.D. MEDRANO , TPD, R10, 918 596 1100
PRINT OFFICER'S NAME, DEPT, DIVISION, PHONE NUMBER

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____ 20 _____.

MY COMMISSION NUMBER IS _____ MY COMMISSION EXPIRES _____ _____
NOTARY PUBLIC OR COURT CLERK

I FIND THAT THERE    IS    IS NOT    PROBABLE CAUSE TO DETAIN THE ARRESTEE PENDING FURTHER PROCEEDINGS.

DATE _____ TIME _____ _____ JUDGE OF THE DISTRICT COURT

# TRACIS  OKLAHOMA HIGHWAY PATROL ARREST AND BOOKING DATA

INCIDENT NUMBER


GOVERNMENT EXHIBIT C

✓ CHECKED NCIC

P.O.B. CHICA...

**MUG & PRINT**

☐ PARTIAL ☐ COMPLETE  PHOTO TO _____  TCSO NUMBER _____  COURT DATE _____  DIVISION _____
☐ FEDERAL DISTRICT ☐ TULSA DISTRICT ☐ OSAGE DISTRICT ☐ MUNICIPAL  HOLD FOR _____  ☐ JUV ☐ R.O.P.

| LOCATION OF ARREST | LOCATION OF OFFENSE |
|---|---|
| I244 EB @ YALE | I244 EB @ YALE |

OCCURRED: MO / DATE / YR / DAY / TIME
ARRESTED: MO / DATE / YR / DAY / TIME
BOOKED: MO / DATE / YR / DAY / TIME

| TPD/PID | SUSPECT NAME (LAST, FIRST, MIDDLE) | AKA | HGT | WGT | HAIR | EYES | SKIN | RACE | SEX |
|---|---|---|---|---|---|---|---|---|---|
| | JONES, ADRIAN ROBERT | | 511 | 170 | BLK | BRO | | B | M |

| STREET ADDRESS, CITY, STATE | ZIP CODE | AGE | DATE OF BIRTH | SOCIAL SECURITY NUMBER |
|---|---|---|---|---|
| ███████, TULSA | 74112 | 29 | ██/1991 | ███-8297 |

| EMPLOYER/SCHOOL NAME | HOME PHONE | DRIVER'S LICENSE NUMBER | ST | CLASS | END |
|---|---|---|---|---|---|
| | (918)982-7613 | | | | |

EMPLOYER ADDRESS, CITY, STATE, ZIP | BUSINESS PHONE | OSBI NUMBER | FBI NUMBER
NEXT OF KIN | ADDRESS | PHONE | RELATIONSHIP
PERSONAL ODDITIES | | TATTOOS
CLOTHING | | WARNING INDICATORS

**VEHICLE**
DISPOSITION/HOLD | VIN | TAG YR | STATE | TAG NUMBER
VEH YR | VEH MAKE | VEH MODEL | VEHICLE STYLE | COLOR TOP/BOTTOM | MISC IDENTIFIERS

| ARRESTING OFFICER | ID NUM | DIV | AGENCY | BACKING OFFICER | ID NUM | DIV | AGENCY | JAIL INTAKE | ID NUM |
|---|---|---|---|---|---|---|---|---|---|
| TRP. V. CURTIS | 854 | B | OHP | | | | | | |

| FED STA MUN | FEL MISD | CRIME DESCRIPTION | TITLE | SECT | PARA | DATE OF OFFENCE | WARRANT NUMBER | ORI | BOND | O.R. | UCR |
|---|---|---|---|---|---|---|---|---|---|---|---|
| STA | MIS | DUI | 47 | 11 | 902A.2 | | | | | | |
| STA | MIS | NO DRIVER'S LICENSE | 47 | 6 | 303 | | | | | | |
| STA | MIS | NO INSURANCE | 47 | 7 | 606A.1 | | | | | | |
| STA | MIS | SPEEDING 101/65MPH | 47 | 11 | 801 | | | | | | |

WILL SIGN CITY INFORMATION
☐ OFFICER
☐ CITIZEN

WITNESS NAME | ADDRESS/ZIP | TELEPHONE

BREATHALYZER OPERATOR / ID NUM / AGENCY | BREATHALYZER SUPERVISOR / ID NUM / AGENCY | TEST RESULTS  0. %

MEDICAL PROBLEMS

PROPERTY RECEIPT | VCR TAPE | PHOTO NUMBER | LATENT NUM

**RIGHT INDEX**

ARREST DOCKET NUMBER

# PROBABLE CAUSE STATEMENT

On Saturday, June 13, 2020 at approximately 12:58am, Trooper VINCE CURTIS was on patrol at I-244 eastbound at Yale Avenue. CURTIS observed a tan 2010 Chevrolet Malibu bearing OK#INH567 (1G1ZA5E03AF198204) approach him from the rear traveling at a high rate of speed. CURTIS checked the vehicle's speed at 101mph in a 65mph zone. CURTIS made a traffic stop on the vehicle and contacted the driver.

The driver was identified as ADRIAN JONES by his Oklahoma ID card. CURTIS had JONES sit in his patrol car while he ran his information. JONES said he came from a bar in downtown Tulsa. JONES said he had 5 shots of liquor since approximately 9:30pm. CURTIS observed JONES's eyes to be watery and blood shot and could smell an odor of an alcoholic beverage coming from his breath and person. CURTIS had JONES perform some roadside sobriety tests. During the tests, CURTIS observed several clues that JONES was under the influence of intoxicants. JONES was placed under arrest. After a records check, JONES had never been issued a driver's license and had a set up number only. No insurance was found on the vehicle and the status showed unconfirmed.

JONES was read implied consent and he stated "yeah I'll do it". JONES was transported to the Tulsa County Jail. After the 15 minute deprivation period, JONES's results were 0.10 g/210 L. JONES was booked into the Tulsa County Jail.

---

THE BELOW SIGNED OFFICER SWEARS AND AFFIRMS THAT THE ABOVE INFORMATION IS TRUE AND CORRECT AND PRAYS THIS HONORABLE COURT TO FIND PRBABLE CAUSE TO DETAIN THE ARRESTEE PENDING FURTHER PROCEEDING.

Trp. V. Curtis #854 OHP, (918) 627-0440

_____                    _____
OFFICER'S SIGNATURE                           PRINT OFFICER'S NAME, DEPT, DIVISION, PHONE NUMBER

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____ 20_____.

MY COMMISSION EXPIRES _____   _____
                                                    NOTARY PUBLIC OR COURT CLERK

I FIND THAT THERE    IS    IS NOT    PROBABLE CAUSE TO DETAIN THE ARRESTEE PENDING FURTHER PROCEEDINGS.