# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-CR-49-JED |
| | ) | |
| Adrian Robert Jones, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF DETENTION PENDING
## REVOCATION HEARING ON PROBATION/SUPERVISED RELEASE

On August 18, 2020, pursuant to Fed. R. Crim. P. 32.1(a)(6) and 18 U.S.C. § 3143(a), the Court conducted a detention hearing with respect to violations of Defendant's supervised release. Fed. R. Crim. P. 46(d) states that "Rule 32.1(a)(6) governs release pending a hearing on a violation of probation or supervised release." Rule 32.1(a)(6) provides that "[t]he magistrate judge may release or detain the person under 18 U.S.C. § 3143(a) pending further proceedings. The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person."

In making this determination, the Court must take into account the available information concerning:

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence ... or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including-

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

## Written Statement of Reasons for Detention

Defendant has failed to show by clear and convincing evidence that he will not pose a danger to the community.  The Petition alleges TPD officers located a firearm in Defendant's vehicle on August 8, 2020, after being found asleep in his vehicle.  On June 12, 2020, while on release, Defendant was charged with driving under the influence at an excessive speed of over 100 mph.

## Directions Regarding Detention

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal to appear in connection with a court proceeding.

Dated this 20th day of August, 2020.

**JODI F. JAYNE, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**